Commonwealth ex rel. W. U. Hensel, Attorney General,
*v.* Order of Solon. Appeal of James Fitzsimmons.

Argued May 30, 1899. Appeal, No. 21, May T., 1899, by
James Fitzsimmons, from order of C. P. Dauphin Co., June T.,
1894, No. 310, dismissing exceptions to auditors' report. Be-
fore STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.
Affirmed.

*C. A. O'Brien*, for appellant.

*Lyman D. Gilbert*, with him *Josiah H. Quincy*, for appellee.

*Auditors—Exceptions to auditors' report—Res adjudicata.*

Where exceptions to an auditor's report have been dismissed, and the
auditor files a second report in the nature of a schedule of distribution,
exceptions to the second report which raise the identical questions which
were raised by the exceptions to the first report will be dismissed.

Where a creditor appeals from an order of the court dismissing excep-
tions to an auditor's report by which he was disallowed a part of his claim,
the court will not stay the distribution or direct that part of the fund shall
be reserved pending the appeal, if it appears that a second account will
be filed showing ample funds to protect the creditor if he succeeds in his
appeal.

Argued May 30, 1899.    Appeal, No. 17, May T., 1899, by
C. L. McMillan et al., from order of C. P. Dauphin Co., June T.,
1894, No. 310, dismissing exceptions to auditors' report.    Be-
fore STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Exceptions to auditors' report.

The facts appear by the opinion of SIMONTON, P. J., which
was as follows:

The receiver of the Order of Solon having filed a first and
second account showing a balance in his hands, which, after
deducting costs, amounted to $77,105.60, auditors were ap-
pointed by the court to make distribution of said balance, who
proceeded to consider and pass upon all claims upon the fund
presented to them, and filed a report of their proceedings and
determinations on March 17, 1898.    In said report the auditors
said, inter alia: " In view of the possibility, which is almost a
certainty, of exceptions being filed to the report, the auditors
will not attach hereto any schedule of distribution.    The amount
of the claims presented to the auditors and passed upon in this
report, exclusive of claims of certificate holders, is nearly as
much as the amount in hand for distribution.    It will therefore
be impossible for the auditors to report any distribution at this
time to the certificate holders, because of the uncertainty of this
report being confirmed by the court and the Supreme Court."

A large number of exceptions to the findings of the auditors
were filed with and considered by them, and their rulings thereon
were by them filed with their report on March 17, 1898.    There-
after argument was heard on these exceptions by the court, and
they were adjudicated in an opinion filed May 13, 1898.    By
the opinion of the court, the auditors were directed to make dis-
tribution of the balance of the fund remaining, not specifically
adjudged in their first report, among those declared by said
opinion entitled thereto, which they proceeded to do; and on
November 19, 1898, they gave notice to all counsel who had
appeared before them or whom they knew to be interested in
claims, that their final distribution was prepared and would be
filed in court on November 28, 1898, and was in the mean time
subject to inspection at the office of James A. Stranahan, one

of the auditors. In response to this notice a large number of exceptions were filed to the report and distribution, none of which on consideration was sustained by the auditors, and on December 16, 1898, these exceptions came on to be heard by the court. On examination it appears that the exceptions are the same as those filed to the provisional report, all of which were passed upon by this court in the opinion filed May 13, 1898, as will appear by reference thereto. No further argument has been had upon these exceptions nor any additional reasons presented why any of them should be sustained, and they are therefore severally overruled for the reasons and to the extent stated in said opinion, which is now referred to and adopted with the same effect as if it were a part of this opinion.

Since the final report and distribution of the auditors was filed an exception has been filed by leave of court by the Percy F. Smith Lithographing Company, excepting to the auditors' report distributing the balance of the fund to the certificate holders and their assignees filed December 16, 1898, for the reason that the auditors have failed either to allow the claim of the said Percy F. Smith Lithographing Company, or to set aside any portion of said fund to pay said claim in case the decree of the court below dismissing the exceptions of said company should be reversed by the Supreme Court in the appeal therefrom now pending. After the opinion of the court passing upon the exceptions to the report of the auditors was filed on May 13, 1898, the Percy F. Smith Lithographing Company appealed to the Supreme Court from the judgment of this court overruling their exceptions, which was, that the auditors had disallowed part of its claim against the fund for distribution. This appeal is still pending, and if it should be successful there would be a larger amount due the appellant than has been allowed it by the auditors ; but as another account will be filed by the receiver, showing a large balance for distribution, no injury can be suffered by said company if the said distribution now made by the auditors should be confirmed and the money in the hands of the receiver be paid out in accordance therewith. For this reason we do not think it necessary to take any action on this exception, as we think the rights of the company are sufficiently conserved.

All the exceptions filed after November 28, 1898, to the dis-

tribution made by the auditors as shown by their reports filed May 13, 1898, and December 16, 1898, are hereby overruled, and the receiver is directed to pay out the fund in accordance with the report of the auditors and the distribution made by them.

*Errors assigned* were in dismissing exceptions to auditors' report.

*J. G. White,* for appellant.

*Lyman D. Gilbert* and ——— *Young,* of *Young & Trent,* for the receiver.

PER CURIAM, July 19, 1899:

Our consideration of this record has satisfied us that the questions presented by the specifications of error were correctly decided by the court below, and on its opinion the decree is affirmed and appeal dismissed at appellant's costs.